Dear Mr. Woods:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of Port Allen, you have asked for our opinion on whether the City of Port Allen can declare the annual Veteran's Day Parade a city sponsored event and financially support the event.
According to your request, each year an annual Veteran's Day Parade is held within the city limits of Port Allen. In the past, a number of City officials have participated and/or assisted in planning the parade. The City of Port Allen desires to classify the parade as a city event and provide financial assistance or in kind services to help defray the costs of the parade.
Since the question presented contemplates the expenditure of public funds, it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides, in pertinent part, the following:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . .'
The Louisiana Supreme Court has recently announced a new standard for determining whether Art. VII, Sec. 14 is violated. In Board of Directorsof the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City of Gonzales,938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case) the Court held that "(Art VII) § 14(A) is violated when public funds or property are gratuitously alienated." Although the court announced this new standard, it gave very little, if any, guidance as to how that standard is to be applied. *Page 2 
Ultimately, we believe the question of whether public funds or property are "gratuitously alienated" depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, we essentially gleaned three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and can not appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds, which expectations are evidenced by contractual obligations imposed on the recipient.
Our office has previously recognized a municipality's limited authority to fund and participate in parade activities and/or functions. See
Attorney General Opinion No. 01-0472 (opining the City of Scott may purchase cups and beads with the City's name on each for its Mardi Gras parade provided such activities promote, encourage, and develop industry, trade, and commerce). Our office has also recognized that such activities must be addressed in light of Article VII, Section 14, and are bound by the constitutional prohibition against the gratuitous alienation of public funds. See Attorney General Opinion Nos. 77-1157 (opining the police jury is not authorized to expend public funds to assist Frog Festivals or Mardi Gras Celebrations), 98-14 (opining the purchase of candy with public funds to throw to on-lookers along parade route violates constitution prohibition against donation of public funds).
We have also recognized the importance of honoring those who have served in the defense of this country. For example, in Attorney General Opinion No. 91-186, our office previously opined:
 "The larger American community of cities, states, and their people clearly have an interest in honoring those who have been willing to risk their lives by serving in the defense of our country.
 This community tribute accomplishes the public purposes of providing for the common defense and promoting the general welfare . . ."
Your request indicates that the annual Veteran's Day Parade draws a large number of participants and onlookers. One of the reasons the city seeks to have the event declared a city sponsored event is so that it can provide the necessary funding to ensure that proper safety precautions are taken. Clearly, public safety and the welfare of its citizenry are valid public concerns. We believe the City of Port Allen may expend funds in furtherance of this concern. Further, in accord with our prior opinions, we believe the annual Veteran's Day Parade accomplishes the public purpose of providing for the common defense and promoting the general welfare. See Attorney General Opinion No. 91-230. *Page 3 
Thus, provided the expenditures are reasonable and the City of Port Allen has a reasonable expectation of receiving equivalent value, we believe the City of Port Allen may declare the annual Veteran's Day Parade a city-sponsored event and provide financial assistance or other in kind services to ensure that the proper safety precautions are taken. Further, we believe the City of Port Allen may expend public funds to promote, encourage, and develop industry, trade, or commerce within the City. Again, as required by Cabela's, all expenditures must be reasonable and the City of Port Allen must have a reasonable expectation of receiving equivalent value in exchange for its expenditure.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 MICHAEL J. VALLAN Assistant Attorney General
CCF, JR/MJV/crt